UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CAROLINE ROBERTS,

              Plaintiff,

-against-

MEMORIAL SLOAN-KETTERING CANCER
CENTER,

              Defendants.
------------------------------------------------------------x

**COMPLAINT**

**TRIAL BY JURY DEMANDED**

06 cv 1997

RECEIVED
MAR 15 2006
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff, Caroline Roberts, ("plaintiff") by her attorney, Kenneth W. Richardson for her Complaint against defendants, alleges the following:

      1.    This is a civil rights action for declaratory relief, equitable relief, and monetary relief including back pay, front pay, compensatory and punitive damages and other relief to redress retaliation and discrimination in the terms and conditions of employment, based on plaintiff's age.

      2.    Plaintiff files this action pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§2000e et seq.; 42 U.S.C. §1983; the New York State Human Rights Law, and the New York City Administrative Code.

**JURISDICTION AND VENUE**

      3.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C, § 1331, 1343; 42 U.S.C, § 1983; and pursuant to the doctrine of pendent jurisdiction.

      4.    Venue is properly laid in the Southern District of New York because virtually all of the acts and events and omissions giving rise to this action as set forth herein occurred in the Southern District.

5. Plaintiff timely pursued all applicable administrative remedies. On or about June 17, 2004 Plaintiff filed a charge with the Equal Employment Opportunity Commission charging defendants with discrimination against her due to her religion. A right to sue letter dated December 15, 2005 was received by Plaintiff on or about December 19, 2005. This action is commenced within the 90 day requirement of the right to sue letter. Plaintiff contends the discrimination described herein to be continuous.

## PARTIES

6. Plaintiff, Caroline Roberts, is a Black female. She is a resident of the State and City of New York, County of The Bronx. Plaintiff has been employed by Memorial Sloan-Kettering Cancer Center since 1999 when she was hired as an Assistant Manager.

7. Defendant hospital is a medical institution or corporation and exists pursuant to the laws of the State of New York, having its principal place of business in the County of New York, City and State of New York and is an employer under all applicable provisions in which plaintiff bases her claims.

8. At all relevant times herein plaintiff was an "employee" of defendants within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the New York State Human Rights Law and the New York City Administrative Code.

## FACTS

9. Plaintiff commenced her employment with the defendant in 1999 as an Assistant Manager and remained in that position until August 2004 when she went out on temporary disability. At the time she was earning approximately $72,000.00 annually.

10. Plaintiff's temporary disability is due to the stressful conditions under which she was subjected to on the job by Defendant.

11. The acts of discrimination that were precipitated upon Plaintiff began in November 2003 when Plaintiff changed her religion to that of the Rastafarian. With this

change in religion came a change in dress and overall appearance. Plaintiff began to wear more ethnic clothing. More specifically, plaintiff now eschewed the normal corporate de riguor of suit or skirt and blouse with pumps for one of long, simple dresses and flats. A turban completely covering Plaintiff's hair became everyday wear instead of the shoulder length hairstyle Plaintiff had previously worn.

12. Plaintiff noticed a subtle change in attitude towards her by her boss, Associate Director Kim Howie. Ms. Howie sometimes made comments about her attire and her hair being covered. Plaintiff also let Ms. Howie know that Plaintiff could no longer work on Saturdays because her new religion forbid it.

13. In February 2004 Plaintiff's unit began to be subjected to a significant increase in work load that became vastly out of proportion to any other work unit's load and vastly out of proportion to the unit's ability to handle the work.

14. Despite plaintiff's continuous voicing her concern to the Associate Director and to Human Resources/Employee Relations, nothing was done to relieve the overly heavy work load.

15. Adding to the stress of the work load was the failure of Defendant to compensate Plaintiff's staff for the overtime hours they were forced to work in a valiant but futile attempt to keep up with this overly heavy workload.

16. Plaintiff felt that she was burdened with this overly heavy work load and denied the means or work assistance by which to alleviate the problem due to her religion of Rastafarian, which she express to both the Associate Director and to Human Resources.

17. Nothing was done for 18 months until a review was undertaken by the Executive Vice President in 2005. After his review the approval was given for the hiring of additional staff.

18. On or about June 17, 2004 Plaintiff had filed a complaint with the EEOC charging religious discrimination.

19. In July 2004 Plaintiff received her first negative appraisal ever from Defendant.

20. On August 3, 2004 Plaintiff was given a litany of task to complete by a

date certain by her Supervisor Kim Howie, a set of task that Plaintiff felt could not be accomplished in the time specified and which Plaintiff believes was a set up for failure.

21. On or about August 24, 2004 Plaintiff was given a written warning accompanied by another list of tasks to complete by a date certain; tasks that were impossible to complete in the time specified and which further set Plaintiff up for failure. Plaintiff was advised that her failure to accomplish the tasks could result in her termination.

22. By now, already suffering from the stress caused by being treated in a discriminatory fashion, including the stress from an overly heavy workload and now burdened with very short work deadlines; and suffering from physical pain and mental anguish bought on by the stress, Plaintiff decided to take the advise of her doctors and to apply for temporary disability. Plaintiff continues to be out of work due to this disability.

23. On or about November 3, 2005, the EEOC issued a Determination letter stating that Plaintiff established a prima facie case of employment conditions under Title VII.

24. On or about December 15, 2005 the EEOC issued a right to sue letter.

## FIRST CLAIM FOR RELIEF

25. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 24 of this Complaint with the same force and effect as if set forth herein.

26. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of her employment on the basis of her religion as a Rastafarian in violation of Title VII.

27. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under federal law.

28. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and

anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

### SECOND CLAIM FOR RELIEF

29. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 28 of this Complaint with the same force and effect as if set forth herein.

30. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of her is employment by retaliating against her for complaining about her discriminatory treatment on the basis of her religion as a Rastafarian.

31. Defendants engaged in these retaliatory discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under federal law.

32. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

### THIRD CLAIM FOR RELIEF

33. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 32 of this Complaint with the same force and effect as if set forth herein.

34. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of her employment on the basis of her religion as a Rastafarian in violation of The New York State Human Rights Law.

35. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under State law.

36. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and

anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## FOURTH CLAIM FOR RELIEF

37. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 36 of this Complaint with the same force and effect as if set forth herein.

38. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of her employment on the basis of her religion as a Rastafarian in violation of The New York City Human Rights Law.

39. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under City law.

40. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that his Court enter judgment:

a) declaring that the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§2000e et seq.; the New York State Human Rights Law, and the New York City Administrative Code.

b) enjoining and permanently restraining these violations;

c) directing Defendants to take such affirmative action as necessary to ensure that the effects of these unlawful acts and discriminatory employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) directing Defendants to pay Plaintiff compensatory damages, and damages for her mental anguish, mental distress, humiliation, loss of reputation, and interest thereon, and

all such other damages and remedies as may be available to the Plaintiff;

e)      awarding Plaintiff the costs and disbursements. Of this action, together with reasonable attorneys' fees, including, without limitation, all such fees as are provided by applicable law;

f)      awarding Plaintiff punitive damages against Defendant;

g)      retaining jurisdiction over this matter to assure full compliance with any Order of this Court; and

h)      granting such. Other and further relief as to this Court seems just and proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
       March 15, 2006

_____
Kenneth W. Richardson, Esq.(8701)
Attorney for Plaintiff
305 Broadway, Suite 1100
New York, New York 10007
(212) 962-4277